## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN PATRICK FLOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:06-82 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| SUPERVISOR TROOPER CHARLES | ) |
| SCHAEFER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on remand from the United States Court of Appeals

for the Third Circuit. See *Flood v. Schaefer*, 439 F. App'x 179 (3d Cir. 2011) (Doc. No 156).

Presently under consideration are "Plaintiff [sic] Motion Specifically Directed to the U.S.

District Court Judge Gibson Asking Him to Make a Ruling Consistent with the Appellate Court

Mandate" (Doc. No. 164) and the "Motion For Leave to File a Document Under Seal" (Doc. No.

162) filed by Plaintiff Kevin Patrick Flood ("Flood"). For the reasons that follow, the Court will

**DENY** Doc. No. 162 and **GRANT** Doc. No. 164. The Court will also resolve a discovery

dispute and set summary judgment briefing deadlines consistent with the Third Circuit's

mandate.

### II. BACKGROUND[1]

In 2004, Flood was arrested after Pennsylvania State Police ("PSP") officers seized 532.2

pounds of marijuana, various weight measurement devices, a loaded handgun, and $25,000 in

cash from his residence. Flood was subsequently charged, tried before this Court, and convicted

---

[1] The Court will not attempt to detail each of the 643 docket entries which have resulted to date from this civil case and Flood's related criminal prosecution at Criminal No. 3:04-36. Instead, this section is limited to the procedural and factual background relevant to the disposition of the issues presently before the Court.

of: (1) conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana under 21 U.S.C. § 846: (2) possession with intent to distribute 100 kilograms or more of marijuana under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) unlawful possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e). Flood was sentenced to a term of imprisonment of 180 months to be followed by an eight-year term of supervised release. Flood timely appealed, but the Third Circuit affirmed his conviction and sentence. See *United States v. Flood*, 339 F. App'x 210 (3d Cir. 2009).

After his arrest and before his trial, Flood filed the instant *pro se* civil rights action against certain members of the PSP who participated in Flood's arrest and interrogation, as well as Keith Brubaker ("Brubaker"), a police informant involved in the investigation. In his complaint, Flood alleged a litany of constitutional violations; namely, that PSP officers violated the Fourth, Fifth, Eighth, and Fourteenth Amendments by illegally entering his home, destroying his personal papers, and using improper and excessive interrogation techniques at the PSP barracks. Flood also contended that Brubaker framed him by placing drugs at his residence and feeding him narcotics to weaken his resistance to police interrogation. After extensive filings and three appeals to the Third Circuit, only one claim survived: Flood's excessive force claim under the Fourth Amendment. See *Flood v. Schaefer*, 367 F. App'x 315, 319 (3d Cir. 2010) (Doc. No. 105-1) (upholding the dismissal of other claims but concluding that Flood's excessive force claim was sufficiently pled because "if, as Flood alleges, police were aware that he had a severe back injury and handcuffed him in a manner that caused excessive pain and suffering, he could succeed in proving that the officers violated the Fourth Amendment").

Thereafter, to support his only surviving claim, Flood filed a motion to compel discovery (Doc. No. 116) seeking the production of audio tapes containing conversations between

2

Brubaker and Flood which Brubaker surreptitiously recorded during the course of the PSP's criminal investigation. By Memorandum Order (Doc. No. 120), Magistrate Judge Pesto (the "MJ") denied the motion to compel noting that Flood may not resurrect a previously dismissed claim that his criminal case had been plagued by a far-reaching conspiracy to tamper with and alter the audio tapes. After the issuance of the MJ's Memorandum Order, Flood filed numerous documents including "Plaintiff's Objections to U.S. Magistrate Judge's Discovery Order" (Doc. No. 126). In that document, Flood raised multiple objections to "this order" without specifying the date of, or docket entry for, the order to which he was objecting.

Subsequently, the MJ ordered the parties to present all of their evidence regarding Flood's surviving excessive force claim. Upon receiving the evidence and supporting briefs, the MJ recommended that this Court grant summary judgment in favor of the Defendants. (See Doc. No. 142). This Court adopted the MJ's report and recommendation, (see Doc. No. 145), and entered judgment in the Defendants' favor and against Flood, (see Doc. No. 146).

Flood appealed this Court's order granting summary judgment to the Defendants and the MJ's order denying his motion to compel. By opinion filed July 21, 2011, *Flood v. Schaefer*, 439 F. App'x 179 (3d Cir. 2011) (Doc. No 156), the Third Circuit: (1) vacated this Court's order granting summary judgment to the Defendants; (2) directed the Court to "consider in the first instance—after further development of the record if necessary, whether Flood is entitled to the production of [the audio tapes subject to his motion to compel]"; and (3) remanded the matter for proceedings consistent with the opinion.

## III.    DISCUSSION

### A.    Production of Audio Tapes

The Third Circuit directed this Court to consider in the first instance whether Flood is entitled to the production of certain audio tapes which he contends would demonstrate that the Defendants had knowledge of his back injury. (See Doc. No. 156-1 at 6). The Third Circuit also noted that the MJ did not "explicity consider Flood's contention that these tapes would bear on the defendants' knowledge of his back injury." (*Id.* at 3). This Court has conducted a *de novo* review and concludes that Flood is entitled to these tapes as they may contain information relevant to Flood's excessive force claim. However, because Flood has already received copies of the tapes and transcriptions of their contents, the Court will not compel the Defendants to produce them a second time.

In his motion to compel, Flood requests that the Court compel the Defendants to produce "'accurate and complete 1:1 copies' of the 12 original audio tapes during the defendants [sic] six (6) week investigation" because "these tapes are evidence to support his case." (See Doc. No. 116 at 4). While Flood concedes that he received copies of these tapes and transcriptions of their contents, (see Doc. No. 126 at 4), he contends that his copies "were altered and tampered with before 'and after' he filed this excessive force case." (*Id.* at 5). Specifically, Flood contends that: (1) the portions of the original tapes evincing the Defendants' knowledge of his back injury were deleted and not included in the copies with which he was provided; and (2) "his copies of audio tapes were in fact taken and tampered with by his own court appointed lawyer" after "he won his first Apeal [sic]" in this civil case. (See *id.* at 1, 5).

Flood previously and unsuccessfully sought to establish that these tapes were tampered with during his criminal case; thus, he is precluded from raising that issue again here as it would

4

call into question the validity of his criminal conviction. Similarly, the Court will not entertain Flood's utterly baseless claim that these tapes were again tampered with by his own counsel after the conclusion of his criminal trial.

Flood has already received accurate copies of the audio tapes and transcripts of their contents. Flood may use these copies and transcripts to support his contention that PSP officers were aware of his back injury at the time of his allegedly excessive interrogation, a fact that even he acknowledges. (See Doc. No. 126 at 5) (noting that the "transcripts made from [my] copies of tapes support the fact this knowledge was available to the actors that torture [me]"). Requiring the Defendants to create new copies of the tapes or provide Flood with the originals would provide no information Flood does not already have available to him, and would only create further delay and add unnecessary expense to this litigation. Thus, because Flood has already received accurate copies of the audio tapes to which he is entitled, the Court will not require further production from the Defendants.

**B.    Summary Judgment**

The Third Circuit also vacated this Court's order which granted summary judgment in favor of the Defendants noting that: (1) Flood's excessive force claim is not barred by the doctrine of issue preclusion; and (2) Flood need not present "objective evidence of injury" to survive summary judgment. (See Doc. No. 156-1 at 4-5). The Third Circuit further explained that "in evaluating claims of excessive force, the central issue is the force the officers employed (and whether it was reasonable under the circumstances), not the injury they caused." (*Id.* at 5) (citations omitted). Accordingly, the Court will require the parties to submit briefs addressing this issue within thirty days of the issuance of this Memorandum and Order of Court.

**C.      "Motion for Leave to File a Document Under Seal" (Doc. No. 162)**

In this motion, Flood once again raises his baseless claim that a broad conspiracy of actors are conspiring to tamper with his evidence. (See Doc. No. 162 at 2) ("Plaintiff's [sic] desire to under seal Ex Parte Application for an ORDER to both county prisons . . . and the U.S. Marshal Office that transports this Plaintiff; [sic] might stop any further corruption, like Plaintiff's legal material and evidence getting lost (alter [sic], tampered with), improperly preserved and destroyed like his copies of audio tapes were 'spoiled[.]'"). The Court has repeatedly instructed Flood that it will not further consider this evidence tampering conspiracy allegation, and the Court will not indulge Flood by addressing it again here. Thus, the Court will **DENY** this motion.

**D.      "Plaintiff [sic] Motion Specifically Directed to the U.S. District Judge Gibson Asking Him to Make a Ruling Consistent with the Appellate Court Mandate" (Doc. No. 164)**

In this motion, Flood requests that the Court make a ruling consistent with the Third Circuit's most recent decision in this matter and determine whether he is entitled to the production of the audio tapes. As discussed above at length, Flood is entitled to the copies of the tapes he has already received, but nothing more.

Flood's motion also requests that the Court "use rule 72(a) and make the appropriate ruling on all the motions [Flood] submitted to magistrate [sic] Judge Pesto, at docket entry Nos. 6, 83, 109, 111, 112, 113, 116." (See Doc. No. 164 at 1). Flood also notes that "[w]ithout looking, I believe everything was objected to at docket Nos. 126, 127, 132, 141, and 144." (Id.).

Federal Rule of Civil Procedure 72(a) provides that the district judge in a case must consider timely objections to a magistrate judge's order and modify or set aside any part of the order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a). Pursuant to FED. R.

6

CIV. P. 72(a) and Local Rule 72(C)(2), Flood had fourteen days from the service of each of the MJ's orders to file with the Clerk of Court, and serve on all parties, "written objections which shall specifically designate the order or part thereof objected to and the basis for objection thereto." L.R. 72(C)(2). The Court will address in turn each of the documents which Flood has labeled "objections."

Upon review of Doc. Nos. 132 and 139 (which Flood did not list in his instant motion), the Court finds that these objections were timely filed. However, the Court also finds that the MJ's orders which Flood objects to are not clearly erroneous or contrary to law. Additionally, the Court will not rule on Doc. Nos. 127, 141, and 144 because the first two filings are not, in fact, objections to an order by the MJ, and the Court previously ruled on the third filing. (See Doc. No. 145 at 1) (stating that the objections were "insufficient to raise a genuine issue of fact that plaintiff suffered any injury caused by defendants"). The Court will also not address Doc. No. 126 because it is moot as a result of the Court's *de novo* consideration of Flood's entitlement to the production of audio tapes.

By this Memorandum and Order, the Court has issued a ruling consistent with the Third Circuit's mandate and has addressed all the objections Flood has raised. Accordingly, Flood's motion is **GRANTED**, but he is not entitled to any form of relief.

## IV.   CONCLUSION

For the reasons stated above, the Court will not compel the Defendants to provide Flood with additional copies of the requested audio tapes. The Court will also: (1) **GRANT** Doc. No. 164; (2) **DENY** Doc. No. 162; and (3) require the parties to submit within thirty days briefs addressing the summary judgment issue as framed by the Third Circuit. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN PATRICK FLOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:06-82 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| SUPERVISOR TROOPER CHARLES | ) |
| SCHAEFER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this 17th day of February 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Doc. No. 164 is **GRANTED** and Doc. No. 162 is **DENIED**. Upon consideration of the issue in the first instance, the Court also concludes that Flood has already received the discovery to which he is entitled in this matter.

**IT IS FURTHER ORDERED** that on or before March 20, 2012, the parties shall submit their briefs addressing the summary judgment issue as framed by the Third Circuit. Specifically, the parties shall address the force the officers employed during the interrogation and whether it was reasonable under the circumstances.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

8