IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN PATRICK FLOOD,
          Plaintiff,
    v.                                Case No. 3:06-cv-82-KRG-KAP
TROOPER CHARLES SCHAEFER,
et al.,
          Defendants

## Orders, and Report and Recommendation

Trial should be scheduled in this matter. Toward that end, the following is ordered: plaintiff's pretrial statement shall be filed on or before July 31, 2012; defendants' pretrial statement shall be filed on or before August 15, 2012. The Clerk shall send a copy of Local Rule 16.1 to Flood.

Flood's motion for permission to take an interlocutory appeal, docket no. 173, should be denied.

The Clerk can terminate Flood's various motions seeking appointment of special prosecutors, docket no. 166, docket no. 168, as denied for lack of merit. The motion for stay, docket no. 171, is denied as moot, because there is no need for a stay pending briefing on summary judgment: because of the procedural posture of this matter after the most recent unsigned *per curiam* opinion of the Court of Appeals, see docket no. 156-1, summary judgment proceedings have been disposed of, and trial is necessary.

Flood has been fixated on the idea that there was some tampering with the audiotapes that were made during the course of the criminal investigation against him. This fixation has led Flood to accuse the defendants in this case, Judge Gibson, and the

prosecutor and several defense attorneys in the criminal case, of conspiring to tamper with the tapes. docket no. 174 at 16ff. Flood does not support and has never supported these accusations with anything more than his own self-serving recollections of alleged off-record statements by two of his former counsel. Flood apparently made representations to the Court of Appeals that the contents of the tapes (which are not in the custody of the defendants) have information on them relevant to an issue in this civil suit, namely that defendants had notice that Flood had a painful back condition. The Court of Appeals remanded the matter to this court, docket no. 156-1 at 6. On remand, this court noted that Flood had already received copies of the audiotapes and transcripts in the course of the criminal case and ruled that Flood was not entitled to the original audiotapes to pursue his theory of alterations. docket no. 165.

That is the matter Flood wants to take up on interlocutory appeal. Flood states outright that the only "fair ruling" is that this court produce the tapes and issue some kind of sanction against defendants for spoliation, docket no. 173 at 1. Flood wants the originals of the tapes to pursue the theory of government misconduct he has repeatedly presented as a defense to his criminal prosecution, not because they would show that defendants had knowledge of his painful back condition. The argument Flood makes and the excerpts Flood says are quotes missing

2

from the tampered-with tapes make this intent clear. Flood argues that the tapes were not sealed or properly preserved; Flood also argues that one of his defense counsel tampered with the tapes during the pendency of the criminal trial; and Flood argues that two items have been deleted: an exchange in which someone says they are going to knock Flood out with drugs, and the sound of someone snorting drugs and saying "I've got to stop doing this shit." docket no. 174 at 18. Neither is relevant to proving Flood's back condition.

Let me reiterate that Flood offers nothing but his own say-so in support of his claim that these alterations were made. But even if that were sufficient, the two alleged deletions would be relevant only to an argument that it was at the least an error to allow the tapes to be used in Flood's criminal trial, and at worst a basis for a new criminal trial. Proving that the tapes were unreliable would by definition undercut, not advance, any use of the tapes in Flood's civil trial.

Second, the tapes in any form are of marginal relevance to the civil trial because Flood's civil case is based on the theory that the troopers who arrested Flood knowingly disregarded Flood's repeated complaints of back pain made by Flood directly to them on the very day of Flood's arrest. Defendants' knowledge that Flood complained of back problems months earlier would be of marginal relevance.

Third and perhaps most importantly, Flood does not need additional access to the audiotapes to make the point he says he wishes to make. As the court noted in docket no. 165, Flood already stated at docket no. 126 at 5 that "Plaintiff's transcripts made from his copies support the fact this knowledge was available to the actors that torture[d] him." In other words, Flood already was provided copies and already has what he claims the tapes would be relevant for in the civil trial. An interlocutory appeal would be just further squandering of judicial time.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to the portion of this memorandum that constitutes a Report and Recommendation on Flood's motion for leave to file an interlocutory appeal.

DATE: 7/6/2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Kevin P. Flood, Reg. No. 11130-068
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

4