IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEVIN PATRICK FLOOD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:06-cv-00082-NBF |
| v. | ) | |
| | ) | District Judge Nora Barry Fischer |
| CHARLES SCHAEFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Upon consideration of the oral Motion for Appointment of Pro Bono Counsel ("Motion") (Docket No. 244) by Kevin Patrick Flood ("Plaintiff"), as well as discussion during the October 6, 2016 status conference regarding Plaintiff's employment status, the age and progress of the instant case, the complexity of the issues before the Court, and the parties' desire to proceed to trial expeditiously (Docket No. 243), the Court will DENY said Motion.

## I. MEMORANDUM

The Court convened a status conference on October 6, 2016 for the purpose of establishing a pretrial schedule.[1] At that time, Plaintiff requested that the Court appoint pro bono counsel to assist with his preparation for trial. Counsel for Charles Schaefer, David Snyder, Randy Zimmerman, and John Bravis (*collectively* "Defendants") objected, noting the age of the case, the claim's lack of complexity, and Plaintiff's established history of capable management of his case. Of particular note were Plaintiff's appeals to the Third Circuit, which resulted in the Court of Appeal's issuance of four written opinions – three of which were in Plaintiff's favor. *See Flood v. Schaefer*, 240 F.App'x 474 (3d Cir. 2007); *Flood v. Schaefer*, 367 F.App'x 315 (3d

---

[1] Prior to issuance of an Order of Recusal by District Judge Kim R. Gibson on September 26, 2016 (Docket No. 238), this case was set for trial on October 31, 2016. (Docket No. 232).

Cir. 2010); *Flood v. Schaefer*, 439 F.App'x 179 (3d Cir. 2011).

As an initial matter, the Court must note that "'[c]ivil litigants have neither a constitutional nor a statutory right to appointment of counsel.'" *Fletcher v. Grynkewicz*, 644 F.App'x 167, 169 (3d Cir. 2016) (citing *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). It is within the sole discretion of the district court to determine whether or not appointment of counsel is necessary for a party unable to employ an attorney. *Id.* District courts explore a number of factors when determining whether to grant or deny the requested relief.

The courts' typical threshold analysis involves whether there is "arguable merit" in the underlying claim. *Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). However, the Third Circuit Court of Appeals has already made this determination in opinions regarding Plaintiff's Fourth Amendment claim. *See Flood*, 367 F.App'x at 318 – 19 (Fourth Amendment claim related to reasonableness of Defendants' use of force during Plaintiff's ten-hour pre-trial detention, was adequately pled); *Flood*, 439 F.App'x at 182 (Flood may assert viable Fourth Amendment claim by demonstrating Defendants were aware of his alleged severe back injury and handcuffed him in a manner which allegedly caused excessive pain and suffering). As such, the Court finds that Plaintiff's Fourth Amendment claim has "arguable merit." *See Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012) (quoting *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) ("'When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'").

However, the Court must still review the following factors when considering the appointment of pro bono counsel: "(1) the plaintiff's ability to present his or her own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be

necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his or her own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses." *Fletcher*, 644 F.App'x at 170 – 71 (citing *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)). While courts should not hesitate to appoint counsel when most of the above factors have been satisfied, courts must also be mindful that "'volunteer lawyer time is a precious commodity and should not be wasted.'" *Id.* at 171 (quoting *Parham*, 126 F.3d at 458).

As to the first factor[2], the Court observes that Plaintiff initiated the instant action in 2006, and has maintained it since that time, including several successful appeals to the Third Circuit. (Docket Nos. 24 – 26, 32, 35, 88 – 89, 103, 105, 147 – 48, 156, 158 – 59). In the brief time period in which Plaintiff has been before this Court, he has exhibited the ability to file motions, including a recent motion to subpoena witnesses (Docket No. 248), file a pretrial statement with attached exhibits and proffers regarding same (Docket No. 249), consent to the dismissal of a named defendant (Docket No. 245), and coherently articulate his positions both orally and in writing. (Docket Nos. 241, 243 – 44, 248 – 49). It is abundantly clear that Plaintiff has the ability to present his own case.

Second, the legal issue before this Court – as succinctly stated by the Third Circuit – is a simple one: during Plaintiff's ten-hour pre-trial detention, it must be shown that (1) Defendants were aware of his allegedly severe back injury, and (2) Defendants handcuffed Plaintiff in a manner that allegedly caused excessive pain and suffering. *Flood*, 367 F.App'x at 318 – 19; *Flood*, 439 F.App'x at 182. *See also Fletcher*, 644 F.App'x at 170 – 71 (Finding the complexity of excessive force claims differ significantly from – for example – the complexity of claims for

---

[2] "Perhaps the most significant of *Tabron*'s post-threshold factors." *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002).

deliberate indifference to medical needs). This factor will not, therefore, aid Plaintiff in his quest for pro bono counsel.

Third, the period for discovery is now closed. Magistrate Judge Keith A. Pesto originally set fact discovery to end on February 1, 2009. (Docket No. 69). Following one of Plaintiff's successful appeals, fact discovery was extended until July 31, 2010. (Docket No. 107). Judge Pesto subsequently granted Plaintiff until November 1, 2010 to submit all evidence. (Docket No. 134). On February 21, 2012, District Judge Kim R. Gibson ultimately held that Plaintiff had received all evidence to which he was entitled during fact discovery, and ordered the filing of summary judgment motions and briefs within thirty (30) days. (Docket No. 165). In an opinion dated October 3, 2012, the Third Circuit decided not to disturb Judge Gibson's ruling following Plaintiff's petition for a writ of mandamus. *In re Flood*, 500 F.App'x 105, 108 – 09 (3d Cir. 2012). Absent extraordinary circumstances, this Court is bound to adhere to these prior rulings. *Benjamin*, 701 F.3d at 949. To this end, the Court emphasized at the October 6, 2016 status conference that discovery was closed. (Docket No. 243). Consequently, Plaintiff does not require assistance with discovery.

Fourth, at the October 6, 2016 status conference, Plaintiff indicated that he could not afford the retainers requested by certain unnamed attorneys willing to take his case. While this factor might otherwise have weighed in Plaintiff's favor, Plaintiff also admitted to the Court that he is currently employed. Further, Plaintiff has previously sought the appointment of counsel on several occasions, and has been denied same by Judge Pesto and Judge Gibson. (Docket Nos. 19, 43, 120, 215). As Plaintiff has not indicated how his circumstances have changed, the fourth factor weighs in favor of the Court issuing an order in conformity with those of Judge Pesto and Judge Gibson. Certainly, Plaintiff may contact the Allegheny County Bar Association in an

effort to retain pro bono counsel. Alternatively, he can save or borrow money, or arrange payments, if his chosen counsel demands a retainer.

Fifth, "[p]resumably, Flood will testify in support of his claim that the state police used unreasonable force against him during their interrogation." *In re Flood*, 105 F.App'x at 109. "His personal knowledge about what happened to him during the interrogation and about what the defendants knew about his severe back injury prior to the interrogation, together with pertinent medical records if any, will give the jury the information it needs to determine the merits of his claim of a Fourth Amendment violation." *Id.* While credibility will, therefore, be an issue should this case go to trial, it does not appear at this time that this case will be "solely a swearing contest." *Fletcher*, 644 F.App'x at 171 (quoting *Parham*, 126 F.3d at 460). Although appointment of counsel "may be warranted where the only evidence presented to the factfinder consists of conflicting testimony," *Tabron*, 6 F.3d at 156 (quoting *Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir. 1981)), it is conceivable that, in conjunction with testimony, Plaintiff's medical records and audiotape evidence will inform the jury's final decision. While the case may ultimately rely upon credibility, "it is difficult to imagine a case that does not." *Parham*, 126 F.3d at 460. Thus, because this case does not appear – at this time – to be a swearing contest, the fifth factor does not weigh in favor of Plaintiff.

Lastly, regarding the need for expert testimony, Plaintiff believes that audiotapes of his interrogation by Defendants were altered to remove evidence of unconstitutional conduct. A forensic analyst, Roger Boyell, previously attempted to analyze the authenticity of copies of these audiotapes received from the government while Plaintiff awaited sentencing in his criminal case. (Docket No. 249-4 at 1). Boyell was unable to properly analyze these audiotapes because of the quality of the recordings, although he noted the presence of an unexplained anomaly. (*Id.*

at 2). Plaintiff intends to examine Boyell at trial regarding his previous analysis of the audiotapes. (Docket No. 248 at 10). He expects that Boyell's testimony will bolster his assertion that the audiotapes were altered by Defendants to eliminate evidence of their knowledge of Plaintiff's alleged severe back injury. (Docket No. 249 at 21). Plaintiff also intends to examine his former chiropractor, Thomas Brouse, regarding his prior treatment records in order to verify the authenticity of same, and to demonstrate to a jury that he did in fact suffer from a severe back injury. (*Id*. at 21).

Clearly, both Boyell and Brouse are intended to act as experts. However, the Court notes that neither are likely necessary to establish Plaintiff's claims. As noted by the Third Circuit, Plaintiff's "personal knowledge about what happened to him during the interrogation and about what the defendants knew about his severe back injury prior to the interrogation, together with pertinent medical records if any, will give the jury the information it needs to determine the merits of his claim of a Fourth Amendment violation." *In re Flood*, 105 F.App'x at 109. For this reason, the final factor provides only modest support for Plaintiff's request for pro bono counsel.

While the Court is vested with broad discretion with respect to appointment of counsel, it must not request appointments indiscriminately. *Fletcher*, 644 F.App'x at 171 – 72 (citing *Tabron*, 6 F.3d at 157). Presently, only the last factor is favorable to Plaintiff. This is insufficient to warrant appointment of pro bono counsel. *See Christy v. Robinson*, 216 F.Supp.2d 398, 411 (D.N.J. 2002) (denying appointment of counsel despite finding that the plaintiff would require an expert to present medical testimony, because no other factors were met). Moreover, nothing in the record indicates that Plaintiff's ability to proceed *pro se* has been impeded, or that his due process rights have been impinged. *Id.* Judge Pesto and Judge Gibson

repeatedly denied Plaintiff's previous requests for appointment of counsel. Accordingly, the law of the case and the relevant case law dictate that Plaintiff be denied the sought-after relief.

## II. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the Oral Motion to Appoint Pro Bono Counsel [244] is denied.

IT IS FURTHER ORDERED that Plaintiff shall be mindful of the Federal Rules of Civil Procedure, the Local Rules, and this Court's Practices and Procedures, and shall adhere to the deadlines set forth in the Court's Pretrial Order [246] and other pertinent orders in the instant case.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: October 18, 2016.

cc/ecf: All counsel of record.

    Kevin Patrick Flood
    2228 Dufour Ave, Unit A
    Redondo Beach, CA 90278
    (by certified mail)

    Brittney Cambre
    501 West Ocean Blvd, Suite 6340
    Long Beach, CA 90802
    (by regular mail)