# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN PATRICK FLOOD, | ) |
| Plaintiff, | ) |
| | ) 3:06-cv-00082-NBF |
| v. | ) |
| | ) District Judge Nora Barry Fischer |
| CHARLES SCHAEFER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 16th day of March, 2017, upon review of Plaintiff's Motion in Limine to Exclude Evidence of Prior Convictions (Docket No. 283), Defendants' Response (Docket No. 298), and Plaintiff's Reply thereto (Docket No. 305), the Court makes the following findings:

1. To the extent that Plaintiff seeks to exclude evidence of convictions prior to 2007, Defendants have conceded that said convictions are "too remote," and any reference to same should be redacted from Defendants' exhibits. (Docket No. 298 at 5).

2. With respect to the admissibility of Plaintiff and Raymond Rabreau's 2007 convictions, Rule 609(a) of the Federal Rules of Evidence is subject to Rule 403; thus, the Court must weigh four factors against the potential for prejudice before admitting evidence of a conviction: "(1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand." *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007)).

3. As to the first element, there is no dispute that Plaintiff was convicted on the charges of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 846; possession with intent to distribute 100 kilograms of more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii); and, unlawful possession of a firearm by a convicted felon, in violation of 18 US.C. §§ 922(g)(1) and 924(e). Potential witness Rabreau was similarly convicted of conspiracy to distribute and possess with intent to distribute 100 kilograms of more of marijuana, in violation of 21 U.S.C. § 846. Both individuals served significant, multi-year sentences as a result. While these 2007 convictions were directly related to "the *very incident* at the center of" Plaintiff's civil claim, weighing in favor of Plaintiff, *Sharif*, 740 F.3d at 273, this point, alone, is not dispositive. *Wise v. Washington Cnty.*, 2014 WL 1235835, at *3 (W.D. Pa. Mar. 25, 2014). The Court notes that Plaintiff's arrest, detention, and ultimate conviction resulted, in part, from evidence that he personally moved hundreds of pounds of marihuana in bundles weighing approximately eleven pounds, each. Plaintiff somehow managed this feat in spite of his allegations of back pain. The nature of Plaintiff's conviction, as well as his role in the events preceding his arrest, detention, and conviction, are therefore pertinent. Hence, analysis of the first element does not weigh in Plaintiff's favor.

4. As to the second element, a prior conviction is more relevant to a case when it is "not 'remote in time' from the time of trial." *Sharif*, 740 F.3d at 273 (quoting *Greenidge*, 495 F.3d at 96. Presently, the convictions at issue are not prohibitively old, as same are within the ten year limit in Rule 609(b). Nevertheless, the convictions are

approaching this threshold, which often weighs in favor of a finding of diminished relevance. *Id.* (citing *U.S. v. Paige*, 464 F.Supp. 99, 100 (E.D. Pa. 1978)). While the age of these convictions might otherwise tip the second element in Plaintiff's favor, the Court has taken into consideration that the Complaint in the instant case was filed on April 10, 2006 – *before* the convictions. Plaintiff has provided no reason for the Court to conclude that the convictions have been rendered irrelevant simply because same aged along with this civil case. Thus, the second element does not weigh strongly in Plaintiff's favor.

5. In terms of the third and fourth elements, the Court notes that Plaintiff and Rabreau, having both been detained during the same time period in question as part of the same investigation, were both convicted as participants in a drug distribution conspiracy. While their testimony has been presented as being vital to establishing the facts necessary to sustain Plaintiff's claim, their credibility should be tested given their roles as co-conspirators. A jury may very well decide that they worked together to traffic drugs; hence, they may be working together to put on this case and potentially reap a monetary award? As such, the Court believes the jury should be informed of these prior convictions. *See Sharif*, 740 F.3d at 273 ("The final two *Greenidge* factors…overlap."). Consequently, the third and fourth elements do not weigh in Plaintiff's favor.

6. Notwithstanding the above analysis, the Court will provide a limiting instruction as a "countermeasure to any improper uses of the" conviction evidence that the jury may be tempted to make. *Greenidge*, 495 F.3d at 98.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Exclude Evidence of Prior Convictions (Docket No. 283) is GRANTED, to the extent that references to any convictions prior to 2007 shall be redacted from Defendants' exhibits, and DENIED, to the extent Defendants seek to use evidence of Plaintiff and Rabreau's 2007 convictions to impeach their credibility.

IT IS FURTHER ORDERED that the parties shall meet and confer, and submit a joint proposed limiting instruction regarding use of evidence of the 2007 convictions by the jury **on or before March 23, 2017, at 5:00 P.M.**

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.